justify the issuance of a temporary injunction. The plaintiffs, for a second cause of action, complained that the transfer was void because made in violation of section 70 of the Public Service Commission Law.* We are not prepared to hold that the cause of action thus attempted to be stated has legal merit. Whether or not the transfer was absolutely void we shall continue to regard as an open question. Order unanimously affirmed, with ten dollars costs and disbursements. Van Kirk, J., not sitting.

WILLIAM D. BRINNIER, JR., Respondent, v. FRANK D. PATTERSON and Another, Appellants.— Judgment unanimously affirmed, with costs.

HERBERT I. GLASS, Respondent, v. FERNCLIFF GAME PRESERVE, INC., a Domestic Corporation, and Another, Appellants, Impleaded with Others, Defendants.— Order unanimously affirmed, with ten dollars costs and disbursements.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY, Appellant, v. THE STATE BOARD OF TAX COMMISSIONERS, Respondent. (Special Franchise Assessments, City of Dunkirk, 1911.) THE PEOPLE OF THE STATE OF NEW YORK ex rel. LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY, Appellant, v. THE STATE BOARD OF TAX COMMISSIONERS, Respondent. (Special Franchise Assessments, City of Dunkirk, 1912.) THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant, v. THE STATE TAX COMMISSION, Respondent. (Special Franchise Assessments, City of Dunkirk, 1915.) — Orders unanimously affirmed, with costs.

VINCENZO SALAMONE, Respondent, v. ORIN D. ROSE, Doing Business under the Firm Name and Style of O. D. ROSE MOTOR COMPANY, and Another, Appellants. — Judgment and order reversed on the law and facts and new trial granted, with costs to the appellants to abide the event, on the ground that the plaintiff did not return the car in question in substantially the same condition in which it was received. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. SATOUT ABOWAGIE, Respondent, v. VACUUM OIL COMPANY, Appellant.— Award unanimously affirmed, with costs to the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. MARIANA BINT AHMED and Others, Respondents, v. DONNER STEEL COMPANY, Appellant.— Award reversed and matter remitted, with costs against the State Industrial Board to abide the event, on the ground that the death benefit award is made without any legal evidence to support it. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. GEORGE P. ALBERT, Respondent, v. HYMAN ABRAMOWITZ and Another, Appellants.— Award reversed and claim dismissed, with costs against the State Industrial Board, on the ground that the claim was not filed within one year. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. JOSEPHINE ALLEN, Respondent, v. MARTHA R. SCUDDER and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. VINCENT BAKA, Respondent, v. AMERICAN RADIATOR COMPANY and Another, Appellants.— Award reversed

* Amd. by Laws of 1921, chap. 134.— [REP.